1   Paul R. Kiesel, State Bar No. 119854
      *kiesel@kiesel.law*
2   Jeffrey A. Koncius, State Bar No. 189803
      *koncius@kiesel.law*
3   Nicole Ramirez, State Bar No. 279017
      *ramirez@kiesel.law*
4   **KIESEL LAW LLP**
5   8648 Wilshire Boulevard
    Beverly Hills, California 90211-2910
6   Tel:   310-854-4444
    Fax:   310-854-0812
7

8   Joseph J. Zonies                            Benjamin B. Lieb
      [to be admitted *Pro Hac Vice*]             [to be admitted *Pro Hac Vice*]
      *jzonies@zonieslaw.com*                      *ben@taluslaw.com*
9   Anthony L. Giacomini                        **TALUS LAW GROUP LLC**
      [to be admitted *Pro Hac Vice*]           2816 South Adams Street
10    *agiacomini@zonieslaw.com*                Denver, Colorado 80210
11  Gregory D. Bentley                          Tel:   303-246-4767
      [to be admitted *Pro Hac Vice*]
      *gbentley@zonieslaw.com*
12  **ZONIES LAW LLC**
13  1700 Lincoln Street, Suite 2400
    Denver, CO 80203
14  Tel:   720-464-5300
    Fax:   720-961-9252
15

16  Attorneys for Plaintiff GABRIEL
    LAKATOSH on behalf of himself and
17  all others similarly situated

18              **UNITED STATES DISTRICT COURT**

19      **CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION**

20  GABRIEL LAKATOSH, on behalf of      | **Case No. 2:18-cv-5527**
    himself and all others similarly situated, |
21                                      | **CLASS ACTION**
22              Plaintiff,              |
                                        | **CLASS ACTION COMPLAINT**
23          v.                          | **FOR:**
24  TECHTRONIC INDUSTRIES               | **(1) VIOLATION OF CALIFORNIA**
    COMPANY, LTD.; MILWAUKEE            | **CONSUMERS LEGAL REMEDIES**
25  ELECTRIC TOOL CORPORATION;          | **ACT (Cal. Civ. Code §§ 1750,** *et seq.***)**
    THE HOME DEPOT, INC.; and DOES      |
26  1-10, inclusive,                    | **(2) VIOLATION OF CALIFORNIA**
                                        | **FALSE ADVERTISING LAW (Cal.**
27              Defendants.             | **Bus. & Prof. Code § 17500,** *et seq.***)**
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

**(3) VIOLATION OF STATE CONSUMER PROTECTION/FRAUD ACTS**

**(4) NEGLIGENCE PER SE**

**(5) FRAUD**

**(6) INTENTIONAL FAILURE TO DISCLOSE OR CONCEALMENT**

**(7) NEGLIGENT FAILURE TO DISCLOSE OR CONCEALMENT**

**(8) UNJUST ENRICHMENT**

**(9) PERMANENT INJUNCTIVE RELIEF**

**DEMAND FOR JURY TRIAL**

# **TABLE OF CONTENTS**

I.      INTRODUCTION .................................................................................. 1

II.     PARTIES ............................................................................................. 6

III.    JURISDICTION AND VENUE ........................................................... 7

IV.     GENERAL FACTUAL ALLEGATIONS ........................................... 8

V.      ILLEGALITY OF THE GRAVITY KNIVES ................................... 9

VI.     CLASS ACTION ALLEGATIONS ................................................... 12

        FIRST CAUSE OF ACTION
            Violation of California Consumers Legal Remedies Act .................... 17

        SECOND CAUSE OF ACTION
            Violation of California False Advertising Law ................................. 19

        THIRD CAUSE OF ACTION
            Violation of State Consumer Protection/Fraud Acts ......................... 21

        FOURTH CAUSE OF ACTION
            Negligence Per Se ........................................................................ 23

        FIFTH CAUSE OF ACTION
            Fraud ......................................................................................... 24

        SIXTH CAUSE OF ACTION
            Intentional Failure to Disclose or Concealment ............................. 25

        SEVENTH CAUSE OF ACTION
            Negligent Failure to Disclose or Concealment ............................... 26

        EIGHTH CAUSE OF ACTION
            Unjust Enrichment ....................................................................... 27

        NINTH CAUSE OF ACTION
            Permanent Injunctive Relief .......................................................... 27

VII.    PRAYER FOR RELIEF .................................................................... 28

VIII.   DEMAND FOR JURY TRIAL .......................................................... 30

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

Plaintiff, Gabriel Lakatosh, on behalf of himself and all others similarly situated, alleges as follows upon personal knowledge as to Plaintiff's own conduct and on information and belief as to all other matters based on an investigation by counsel, such that each allegation has evidentiary support or is likely to have evidentiary support upon further investigation and discovery:

## I.    INTRODUCTION

1.    Techtronic Industries Company, Ltd. ("Techtronic"), through its Milwaukee brand, manufactures, markets and sells a popular model of utility knife known as Milwaukee Fastback "Press and Flip" Knife ("Milwaukee Fastback Product(s)"). According to Milwaukee's own publicity pieces, the Milwaukee Fastback Products are "[d]esigned to activate the blade 3X faster than a 2-handed opening [utility knife]." The resulting "easy activation" confirms Techtronic's "relentless commitment to provide innovative solutions to the end user that will increase productivity."

2.    The glaring trouble with Milwaukee Fastback Products, however, is that they are illegal to possess or carry in many jurisdictions. Defendants nevertheless market and sell Milwaukee Fastback Products virtually everywhere, including through Defendant The Home Depot, Inc. stores and various other retail outlets, including Amazon.com and other online vendors.

3.    Defendant The Home Depot, Inc., sells its own house-branded knives under the "Husky" name, that operate similarly to the Milwaukee Fastback Products, and are similarly illegal in many jurisdictions as set out herein.

4.    Collectively, the Milwaukee Fastback Products and the similar Husky knives, are referred to herein as the "Illegal Gravity Knives." Figures 1, 2, 3 and 4 show examples of the Illegal Gravity Knives.

/ / /

/ / /

/ / /

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California



**Figure 1**

23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

CLASS ACTION COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20



**Figure 2**

21

22

23    / / /

24    / / /

25    / / /

26    / / /

27    / / /

28    / / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23   / / /
24   / / /
25   / / /
26   / / /
27   / / /
28   / / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California



**Figure 3**

CLASS ACTION COMPLAINT

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California



**Figure 4**

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

## II.    PARTIES

5.    Plaintiff is a California resident, residing in Calabasas, California 91302, who possesses two or more Milwaukee Fastback Products purchased from a The Home Depot, Inc. retail store within the boundaries of California. Figures 1 and 2 are pictures of Plaintiff's knives and their packaging for which he paid $16.39 and $10.92, respectively. He purchased them at The Home Depot, Inc. on November 1, 2017.

6.    Techtronic is a Hong Kong-based investment holding company that designs, manufactures, and markets power and hand tools, outdoor power equipment, and floor care appliances for consumers and professional and industrial users in the home improvement, repair, and construction industries.

7.    Milwaukee Electric Tool Corporation ("Milwaukee") is a brand subsidiary of Techtronic. Milwaukee's headquarters are located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

8.    The Home Depot, Inc. ("The Home Depot") is a nationwide home improvement retailer that sells hardware and other goods, including those under its own "Husky" brand name, to residential and business consumers throughout the United States, including California. The Home Depot's headquarters are located at 2455 Paces Ferry Road, N.W., Atlanta, Georgia 30339.

9.    Plaintiff is unaware of the true names and capacities of individuals and/or entities sued herein under the fictitious names DOES 1 through 10, inclusive, or, to the extent that the names of such individuals or entities may be known to Plaintiff, Plaintiff does not know whether a viable cause of action lies as against such individuals or entities, or Plaintiff is unable to allege the elements of such a cause of action at this time, prior to discovery. Plaintiff reserves the right to amend the instant Complaint to allege the true names and capacities of such fictitiously-named defendants when the same become known or when it has been

CLASS ACTION COMPLAINT

1  ascertained with reasonable certainty that a cause of action hereunder can be
2  satisfactorily stated and maintained against them.

3       10.    Plaintiff is informed and believes, and based upon such information
4  and belief alleges, that each of the Defendants named in this Complaint, including
5  DOES 1 through 10, inclusive, is, and at all times relevant hereto was, the agent,
6  servant, employee, and/or joint venturer of each of the other Defendants and that
7  each Defendant was acting within the course and scope of his, her, or its authority
8  as an agent, servant, employee, and/or joint venturer. Consequently, all Defendants
9  are jointly and severally liable to Plaintiff and Class members for the damages
10  sustained as alleged herein.

11      11.    As used herein, the term "Defendants" shall mean to refer, unless
12  otherwise specified, collectively to Defendants Techtronic, The Home Depot,
13  Milwaukee, and DOES 1 through 10, inclusive.

14  **III.   JURISDICTION AND VENUE**

15      12.    The Court has jurisdiction over this action pursuant to 28 U.S.C.
16  section 1332(d)(2) because the amount in controversy exceeds the sum of
17  $5,000,000 exclusive of interest and costs, and because it involves citizens of
18  different states. Each Defendant is subject to jurisdiction in this judicial district, as
19  it is in any and all federal jurisdictions in which Defendants sell the Illegal Gravity
20  Knives.

21      13.    Venue for the claims against Defendants is proper in this judicial
22  district pursuant to 28 U.S.C. section 1391 because a substantial part of the events
23  giving rise to the liability of Defendants occurred within this district, because
24  Defendants have received substantial compensation from doing business in this
25  district, and because they are subject to the Court's personal jurisdiction with
26  respect to this action.

27
28

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

7

CLASS ACTION COMPLAINT

## IV.    GENERAL FACTUAL ALLEGATIONS

14.    Techtronic, through Milwaukee, manufactures in China and sells in the United States a series of foldable knives under the brand name "Fastback." Some Fastbacks, referred to generally as "folding knives," are more akin to a traditional folding-blade pocketknife, while others are described as "utility knives." The Milwaukee Fastback Products, and the similar Husky knives, may be activated (meaning the blade is exposed and locked in an open, operable position) by holding the knife in one hand, cocking the wrist, depressing a button in the handle, and quickly uncocking or flipping the wrist outward.

15.    Unwary consumers are never informed, however, that the Illegal Gravity Knives are illegal to possess or carry in many jurisdictions, including California. Indeed, many states outlaw possession and/or concealed carry of "switchblade" or "gravity" knives, which are essentially knives that open with the help of spring or other mechanical assistance, or which open freely under the force of gravity or inertia. Milwaukee Fastback Products manufactured by Techtronic, marketed and distributed by Milwaukee, and sold to the public by The Home Depot alongside its own similar Husky knives, squarely fit the gravity knife definition in all states that outlaw their possession.

16.    Milwaukee Fastback Products are a profitable product line for Techtronic and Milwaukee.

17.    Defendants generate considerable profits from the sale of Illegal Gravity Knives due in large part to their conscious decision to manufacture, distribute and offer for sale knives capable of opening and locking into the functional position without first overcoming a detent or other restrictive mechanism.

18.    Not only does this deliberate design make the Illegal Gravity Knives cheaper to produce since no detent or other restrictive mechanism is used, it makes them "cool" which provides a significant marketing advantage for Defendants over their competitors.

CLASS ACTION COMPLAINT

19.     In a 2013 press release introducing the Milwaukee Fastback Product known as the "Fastback II Utility Knife" featuring magnetic blade storage, Milwaukee touted that the new Fastback II was "[d]esigned to activate the blade 3X faster than a 2-handed opening," and "features a Press & Flip-one handed blade opening for easy activation."

20.     The Home Depot is one of the largest, if not the largest, retailer of Milwaukee products in the United States. As such, it derives significant profits from the retail sale of Milwaukee Fastback Products and its Husky knives – in all states but one.

21.     Notably, The Home Depot does not offer for sale Illegal Gravity Knives at any of its New York stores due to a crackdown on illegal switchblade and gravity knives conducted by the district attorney of Manhattan in 2010. In exchange for an agreement to stop selling the illegal knives – and forfeit past profits from sales of them – the district attorney agreed not to pursue criminal charges against The Home Depot for such sales.

22.     Since The Home Depot undeniably knows of the illegality of the Illegal Gravity Knives in certain jurisdictions, its continued sales of the products is inexcusable and unconscionable.

## V.     ILLEGALITY OF THE GRAVITY KNIVES

23.     The Federal Switchblade Act, 15 U.S.C. § 1241, *et seq.*, was enacted by Congress in 1958. It regulates the manufacture of switchblade knives and their introduction into interstate commerce. While the federal act has no application to many individual consumers, it defines a "switchblade knife" as any knife having a blade which opens automatically by, (1) hand pressure applied to a button or other device in the handle of the knife, or (2) operation of inertia, gravity or both. 15 U.S.C. § 1241(b); *see also* 19 C.F.R. § 12.95.

CLASS ACTION COMPLAINT

24.    California, Delaware, Hawaii, Louisiana, New Jersey, New Mexico, New York and Washington have statutes that use similar definitions to outlaw the possession of these particular types of knives. For example:

a.    In New York, "A person is guilty of criminal possession of a weapon in the fourth degree when . . . [h]e or she possesses any firearm, electronic dart gun, electronic stun gun, gravity knife, switchblade knife . . . ." N.Y. Penal Law § 265.01. The New York statute defines "gravity knife" as "any knife which has a blade which is released from the handle or sheath thereof by the force of gravity or the application of centrifugal force . . . ." N.Y. Penal Law § 265.00(5);

b.    In California, "[e]very person who does any of the following with a switchblade knife having a blade two or more inches in length is guilty of a misdemeanor: (a) Possesses the knife in the passenger's or driver's area of any motor vehicle in any public place or place open to the public[;] (b) [c]arries the knife upon the person[;] [or] (c) [s]ells, offers for sale, exposes for sale, loans, transfers, or gives the knife to any other person. Cal. Penal Code § 21510. California Penal Code section 17235 provides that a "switchblade knife" refers to "a knife having the appearance of a pocketknife and includes a spring-blade knife, snap-blade knife, gravity knife, or any other similar type knife, the blade or blades of which are two or more inches in length and which can be released automatically by a flick of a button, pressure on the handle, flip of the wrist or other mechanical device, or is released by the weight of the blade or by any type of mechanism whatsoever." Cal. Penal Code § 17235;

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

c.   According to Delaware law, a person is guilty of unlawfully possessing a switchblade knife when the person has in possession a knife where the blade is released by a spring mechanism or by gravity. Del. Code Ann. tit. 11, §§ 1442, 1446, 222(5);

d.   A person violates the prohibition on switchblades in Hawaii when the person possesses "any switchblade knife, being any knife having a blade which opens automatically (1) by hand pressure applied to a button or other device in the handle of the knife, or (2) by operation of inertia, gravity, or both…" Haw. Rev. Stat. § 134-52;

e.   In Louisiana, a person illegally carries a weapon who possesses "any switchblade knife, spring knife or other knife or similar instrument having a blade which may be automatically unfolded or extended from a handle by the manipulation of a button, switch, latch or similar contrivance located on the handle." La. Rev. Stat. 14:95 (2013);

f.   A person in New Mexico unlawfully possesses a dangerous weapon who possesses "any knife having a blade which opens or falls or is ejected into position by the force of gravity or by any outward or centrifugal thrust or movement." N.M. Stat. Ann. 1978, §§ 30-7-8, 30-7-2, 30-1-12;

g.   A person is guilty of carrying a dangerous weapon who possesses "any knife having a blade which opens, or falls, or is ejected into position by the force of gravity, or by an outward, downward, or centrifugal thrust or movement" in Washington. Wash. Rev. Code Ann. 9.41.250; and

11                                                                    CLASS ACTION COMPLAINT

h.    In New Jersey a person unlawfully carries a prohibited weapon who "has in his possession any gravity knife … without any explainable lawful purpose. …" N.J. Stat. Ann. §§ 2C:39-1(h), 39-3(e).

25.    Plaintiff has conferred with a qualified expert and confirmed the blade of all the Illegal Gravity Knives, when measured from the tip of the blade to the closest point on the knife's hilt, exceeds 2" in length.  More specifically, the blade includes the entire portion of the knife that swings out from the handle, including the portion Defendants refer to as a "holder." Plaintiff has also confirmed with that expert that there would be probable cause for a law enforcement official to arrest a person who was caught in California with one of the Illegal Gravity Knives.

26.    Moreover, individuals residing in states where the Illegal Gravity Knives are not specifically outlawed can freely travel to any of the eight above-states in which the possession or concealed carry of the products will render the possession or carry illegal.

27.    The vast majority of states have consumer protection statutes that afford private rights of action and other protections to consumers who are unwittingly harmed by the unfair and deceptive practices of advertising and offering illegal goods for purchase in the marketplace.

28.    Members of the Class who do not know of the illegality of the knives continue to purchase them as they are still being marketed and sold by Defendants.

## VI.    CLASS ACTION ALLEGATIONS

29.    Plaintiff brings this action individually and as a class action pursuant to Rules 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure on behalf of himself and individuals who fall within the following class:

All persons or entities who are residents of California, Delaware, Hawaii, Louisiana, New Jersey, New Mexico, New York and

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

Washington, who have purchased Illegal Gravity Knives manufactured, marketed, distributed or sold by any of the Defendants.

30.    Subject to information that may be obtained through further investigation and discovery, the Class definition may be modified, expanded, narrowed or divided into subclasses by amended complaint.

31.    Specifically excluded from the Class are Defendants, their officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint-venturers, or entities controlled by Defendants, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendants and/or its officers and/or directors, or any of them.

32.    Also specifically excluded from the Class is the Judge assigned to this action, or any member of the Judge's immediate family.

33.    The individual Plaintiff is a member of the Class he seeks to represent.

34.    This lawsuit is suitable for class treatment because there is a well-defined community of interest among Class members and the proposed Class is numerous and ascertainable.

35.    **Numerosity:** The persons in the Class are so numerous as to make joinder impractical.

36.    **Commonality:** Defendants have acted or refused to act on grounds generally applicable to the Class. The Plaintiff and the Class he seeks to represent are all purchasers of Illegal Gravity Knives manufactured, marketed and sold by Defendants. Due to the manufacture, marketing and sale of Illegal Gravity Knives, Defendants have represented that such goods are of a particular standard, quality, or grade when they are of another. Particularly, by manufacturing, marketing and selling the products, Defendants expressly represent that the sale and possession of the products is legal – it is not.  This practice, which has caused damage to Plaintiff

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

13                    CLASS ACTION COMPLAINT

and the Class, is in direct violation of state consumer protection statutes and other applicable laws.

37.    Thus, there are questions of law and fact common to all of the claims of the Plaintiff and all Class members including, but not limited to, the following, which are apt to drive the resolution of the litigation:

a.    Whether Defendants violated the California Consumers Legal Remedies Act, Cal. Civ. Code § 1750 *et seq*.;

b.    Whether Defendants violated the California Unfair Competition Law, Cal. Bus. & Prof. Code § 17200 *et seq*.;

c.    Whether Defendants violated California Penal Code § 21510(c) by exposing for sale in California the Illegal Gravity Knives;

d.    Whether Defendants intentionally and knowingly falsely misrepresented, concealed, suppressed and/or omitted material facts including the fact that the Illegal Gravity Knives are unsalable due to their being illegal;

e.    Whether Defendants negligently falsely misrepresented or omitted material facts including the fact that the Illegal Gravity Knives are unsalable due to their being illegal;

f.    Whether Defendants made material misrepresentations and/or omissions concerning the standard, quality or grade of the Illegal Gravity Knives;

g.    Whether Defendants were unjustly enriched by their conduct;

h.    Whether Defendants violated the Delaware Unfair & Deceptive Trade Practices Act, Del. Code Ann. tit. 6, § 2511, *et seq*.;

i.    Whether Defendants violated the Hawaii Consumer Protection Act, Haw. Rev. Stat. § 480-2, *et seq*. and/or Hawaii Deceptive Trade Practices Act, Haw. Rev. Stat. § 481A-1, *et seq*.;

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

j.  Whether Defendants violated the Louisiana Consumer Protection Act, La. Rev. Stat. Ann. § 51:1401, *et seq*.;

k.  Whether Defendants violated the New Jersey Consumer Protection Act, N.J. Rev. Stat. § 56:8-1, *et seq*.;

l.  Whether Defendants violated the New Mexico Consumer Protection Act, N.M. Stat. Ann. § 57-12-1, *et seq*.;

m.  Whether Defendants violated the New York Consumer Protection Act, N.Y. Gen. Bus. Law § 349, *et seq*.;

n.  Whether Defendants violated the Washington Consumer Protection Act, Wash. Rev. Code § 19.86.010, *et seq*.;

o.  Whether damages, restitution, equitable, injunctive, compulsory, or other relief is warranted; and

p.  Whether Plaintiff and members of the Class have sustained damages as a result of Defendants' conduct, and, if so, what is the appropriate measure of damages.

The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members and can be resolved in one action for all members of the Class.

38.  **Typicality:** Plaintiff's claims are typical of the claims of the Class members. Plaintiff's claims arise from Defendants' illegal marketing and sale of Illegal Gravity Knives that are, in fact, illegal to possess in numerous jurisdictions. His claims are typical because he, like every member of the Class, purchased an Illegal Gravity Knife and had Plaintiff known of the illegality of the products, he would not have purchased them.

39.  **Notice:** Plaintiff contemplates that the nature of the notice to be provided to Class members can be in the form of e-mail, mail, and published notice based, in part, on records kept by Defendants.

CLASS ACTION COMPLAINT

40.    **Adequacy of Representation:** The representative Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has no interests that are adverse to the interests of the other Class members. Plaintiff's attorneys are experienced in class action litigation.

41.    **Superiority:** A class action is superior to any other available method for the fair and efficient adjudication of this controversy. Joinder of all members of the Class is impractical. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would engender. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications and would establish incompatible standards of conduct for Defendants and adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of the other members not parties to the adjudications, or substantially impair their ability to protect their interests. Were this action to be pursued by individual plaintiffs, each case could result in different courts reaching conflicting decisions regarding Class member claims.

42.    Furthermore, as each of the individual Class members has little or no ability to pay for litigation costs, the expenses and burden of individual litigation would make it difficult or impossible for individual members of the Class to redress the wrongs done to them, while an important public interest will be served by addressing the matter as a class action. The cost to the court system of adjudication of such individualized litigation would be substantial. Individual litigation would also present the potential for inconsistent or contradictory judgments. The prosecution of this litigation as a class action presents no unusual difficulty in the management of this action.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

16

CLASS ACTION COMPLAINT

43.    Class action status is warranted under Rule 23(b)(3) because questions of law or fact common to the members of the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

44.    The Class may also be certified under Rule 23(b)(1)(A) and (B) because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members of the Class, which would establish incompatible standards of conduct for Defendants, would be dispositive of the interests of nonparties to the individual adjudications, and would substantially impair the ability of such nonparties to protect their interests.

45.    The Class may also be certified under Rule 23(b)(2) because Defendants have acted on grounds generally applicable to the Class, thereby making it appropriate to award final injunctive relief or corresponding declaratory relief with respect to the Class.

46.    The interest of members within the Class in individually controlling the prosecution of separate actions is theoretical and not practical. The members of the Class have a high degree of similarity and are cohesive, and Plaintiff anticipates no difficulty in the management of this matter as a class action.

## FIRST CAUSE OF ACTION

### Violation of California Consumers Legal Remedies Act

### Cal. Civ. Code §§ 1750, *et seq*.

### (By Plaintiff Against All Defendants)

47.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

48.    Defendants have represented that Illegal Gravity Knives have approval and/or are of a certain standard, quality, or grade (*i.e.,* not illegal), when they are, in fact, illegal in California.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

17

49.    Defendants' representations and/or concealments are false, misleading, and/or deceptive acts within the meaning of California consumer protection statutes including the Consumers Legal Remedies Act.

50.    Plaintiff and members of the Class reasonably relied on the false, misleading, and/or deceptive representations and concealments of material facts by Defendants.

51.    Plaintiff and Class members are "consumers" within the meaning of California Civil Code section 1761(d).

52.    Defendants are "persons" within the meaning of California Civil Code section 1761(c).

53.    Plaintiff's and each Class member's purchase of an Illegal Gravity Knife constitutes a "transaction" within the meaning of California Civil Code section 1761(e).

54.    The Illegal Gravity Knives are "goods" within the meaning of California Civil Code section 1761(a).

55.    Defendants' statements regarding the Illegal Gravity Knives violated the Consumers Legal Remedies Act, Cal. Civ. Code section 1750, *et seq.*, in at least the following respects:

    a.    they represented that Illegal Gravity Knives had characteristics and benefits (*i.e.*, their legality) that they did not actually have, in violation of Section 1770(a)(5);

    b.    they represented that Illegal Gravity Knives are of a particular standard, quality, or grade (*i.e.*, their legality) that they are not, in violation of Section 1770(a)(7); and

    c.    they advertised Illegal Gravity Knives with an intent not to sell them as advertised (*i.e.*, a legal product), in violation of Section 1770(a)(9).

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

56.    Defendants falsely represented and/or concealed material facts regarding Illegal Gravity Knives, information that is relied upon by consumers, including Plaintiff and Class members, in making purchasing decisions.

57.    Defendants' statements or omissions regarding the Illegal Gravity Knives materially and adversely affected the purchasing decisions of Plaintiff and Class members. Had Plaintiff and Class members known of the illegality of the products, they would not have purchased them.

58.     Defendants' affirmative misrepresentations and material omissions, and their publication of these material inaccuracies regarding the Illegal Gravity Knives constitute unfair, deceptive, and misleading business practices in violation of California Civil Code section 1770(a).

59.    Plaintiff, on behalf of himself and on behalf of the California Sub-Class, seeks injunctive relief, only, under California Civil Code section 1780.

## SECOND CAUSE OF ACTION

### Violation of California False Advertising Law

### Cal. Bus. & Prof. Code § 17500, *et seq*.

### (By Plaintiff Against All Defendants)

60.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

61.    California Business and Professions Code section 17500 states: "It is unlawful for any . . . corporation . . . with intent directly or indirectly to dispose of real or personal property . . . to induce the public to enter into any obligation relating thereto, to make or disseminate or cause to be made or disseminated . . . from this state before the public in any state, in any newspaper or other publication, or any advertising device, . . . or in any other manner or means whatever, including over the Internet, any statement . . . which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

62.    Defendants engaged in advertising and marketing to the public and offered Illegal Gravity Knives for sale throughout California.

63.    Defendants caused to be made or disseminated statements throughout California regarding the Illegal Gravity Knives with intent to directly or indirectly induce consumers like Plaintiff and Class members to purchase them.

64.    Defendants' statements regarding the Illegal Gravity Knives were false, misleading, and likely to deceive the public and/or have deceived the public by falsely representing the characteristics of them, as set forth above.

65.    At the time Defendants made and disseminated the statements alleged herein, Defendants knew or should have known that the statements were untrue or misleading, and Defendants acted in violation of California Business and Professions Code section 17500.

66.    Defendants' statements regarding the Illegal Gravity Knives were material to Plaintiff's and Class members' decision to purchase them, and Plaintiff and Class members reasonably relied on Defendants' statements.

67.    Had Plaintiff and Class members known the illegality of the Illegal Gravity Knives, they reasonably would not have purchased them.

68.    Plaintiff and members of the Class suffered an injury in fact, including the loss of money or property, as a result of Defendants' unfair, unlawful or deceptive practices.

69.    In purchasing his knife Plaintiff relied on the misrepresentations and/or omissions of Defendants with respect to it as set forth herein. Defendants' representations turned out not to be true because the knife was illegal to possess and had Plaintiff known this, he would not have purchased it.

70.    Plaintiff did not receive the benefit of his bargain and one way to partially measure this is by the moneys paid at the time of sale.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

71.    Plaintiff, on behalf of himself and on behalf of the Class, seeks restitution, injunctive relief, and all other allowable relief under Business and Professions Code section 17500.

### THIRD CAUSE OF ACTION

### Violation of State Consumer Protection/Fraud Acts

### (By Plaintiff Against All Defendants)

72.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

73.    Defendants have represented that Illegal Gravity Knives have approval and/or are of a certain standard, quality, or grade (*i.e.,* not illegal), when they are, in fact, illegal in California, Delaware, Hawaii, Louisiana, New Jersey, New Mexico, New York and Washington.

74.    Defendants employed unfair, unlawful and deceptive acts or practices, fraud, false pretense, misrepresentations, or concealment, suppression or omission of a material fact with intent that others rely upon such concealment, suppression or omission, in connection with the sale of Illegal Gravity Knives. Defendants knowingly concealed, suppressed and/or omitted material facts regarding the Illegal Gravity Knives and misrepresented the standard, quality or grade of them, which directly caused harm to Plaintiff and members of the Class.

75.    Defendants actively suppressed the fact that the Illegal Gravity Knives are illegal to possess. Further, Defendants employed unfair, unlawful and fraudulent business practices in selling them to consumers.

76.    Defendants' unfair, unlawful and fraudulent business practices were likely to deceive a reasonable consumer. Plaintiff and members of the Class had no reasonable expectation that Defendants would manufacture, market and sell Illegal Gravity Knives that were illegal to possess. Defendants had superior knowledge as to the quality and characteristics of the Illegal Gravity Knives and any reasonable

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

1   consumer would have relied on Defendants' misrepresentations and omissions as

2   the Plaintiff and members of the Class did.

3       77.   Defendants intentionally and knowingly misrepresented and omitted

4   facts regarding the Illegal Gravity Knives with the intent to mislead Plaintiff and

5   members of the Class. Defendants knew, or should have known, that the Illegal

6   Gravity Knives were unsalable and illegal.

7       78.   At all relevant times, Defendants' unfair and deceptive acts or

8   practices, affirmative misrepresentations and/or omissions regarding the Illegal

9   Gravity Knives were material to Plaintiff and members of the Class. When Plaintiff

10   and members of the Class purchased Illegal Gravity Knives, they reasonably relied

11   on the reasonable expectation that they were a legal product to possess. Had

12   Defendants disclosed that the Illegal Gravity Knives were illegal, Plaintiff and

13   members of the Class reasonably would not have purchased them. This is because

14   no rational purchaser would subject themselves to the liability attendant to owning

15   the Illegal Gravity Knives and because Defendants would not sell a knife they

16   needed to identify as being illegal to possess in the relevant jurisdictions.

17       79.   Defendants have knowingly and willfully engaged in the unfair,

18   unlawful and fraudulent business practices alleged herein. Further, Defendants

19   unconscionably marketed the Illegal Gravity Knives to uninformed consumers in

20   order to maximize profits.

21       80.   Defendants' representations are false, misleading, and/or deceptive

22   acts within the meaning of California consumer protection statutes including the

23   California Business and Professions Code section 17200, *et seq.*

24       81.   Defendants have engaged in unfair competition or unfair or deceptive

25   acts or practices in violation of Del. Code Ann. tit. 6, § 2511, *et seq.*

26       82.   Defendants have engaged in unfair competition or unfair or deceptive

27   acts or practices in violation of Haw. Rev. Stat. § 480-2, *et seq.*; Haw. Rev. Stat. §

28   481A-1, *et seq.*

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

83.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of La. Rev. Stat. Ann. § 51:1401, *et seq.*

84.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.J. Rev. Stat. § 56:8-1, *et seq.*

85.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.M. Stat. Ann. § 57-12-1, *et seq.*

86.     Defendants have engaged in unfair competition or unfair or deceptive acts or practices in violation of N.Y. Gen. Bus. Law § 349, *et seq.*

87.     Defendants have engaged in unfair competition or unfair, deceptive or fraudulent acts or practices in violation of Wash. Rev. Code § 19.86.010, *et seq.*

88.     Defendants' unfair, unlawful and fraudulent acts and practices have harmed and continue to harm Plaintiff and members of the Class, have negatively affected the public interest, and present a continuing hazard to Plaintiff and members of the Class.

89.     As a direct result of Defendants' deceptive, unfair, and unconscionable conduct, Plaintiff and members of the Class were injured.

90.     Plaintiff and members of the Class have been damaged in an amount to be determined at trial.

91.     Plaintiff and members of the Class seek an order enjoining Defendants' unfair, unlawful, and fraudulent practices and awarding costs, attorneys' fees and restitution, disgorgement of funds, and any other just and proper relief available.

## FOURTH CAUSE OF ACTION

### Negligence Per Se

### (By Plaintiff Against All Defendants)

92.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

93.     Plaintiff and Class members are residents of the following states where there exists a statute, regulation or ordinance making it illegal to possess an Illegal Gravity Knife: California, Delaware, Hawaii, Louisiana, New Jersey, New Mexico, New York and Washington.

94.     Defendants' sale of Illegal Gravity Knives in the states where it is illegal to possess them violates the aforementioned statutes, regulations or ordinances.

95.     The violations were a substantial factor in bringing about the harm complained of herein, to wit, an illegal sale.

96.     As a direct result of the above, Defendants are negligent as such violations were not excused.

97.     Plaintiff and the members of the Class were harmed by Defendants' negligence in that they paid for a product that is illegal to possess.

## FIFTH CAUSE OF ACTION

### Fraud

### (By Plaintiff Against All Defendants)

98.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

99.     Defendants have failed to disclose or have concealed the material fact that Illegal Gravity Knives are illegal to possess in numerous jurisdictions.

100.    Defendants failed to disclose or concealed this material fact regarding Illegal Gravity Knives when it knew the material fact, or failed to disclose or concealed the material fact recklessly without any knowledge of the truth.

101.    The failure to disclose or concealment of the true facts about Illegal Gravity Knives was done with the intent to induce Plaintiff and members of the Class to purchase them.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

102.    Plaintiff and members of the Class relied upon Defendants to disclose or not conceal the material fact that Illegal Gravity Knives were illegal to possess in some jurisdictions.

103.    The reliance by Plaintiff and members of the Class that Illegal Gravity Knives were not illegal was reasonable and justified.

104.    As a direct and proximate result of Defendants concealing the material fact that Illegal Gravity Knives were, in fact, illegal in numerous jurisdictions, Plaintiff and members of the Class have suffered actual damages in an amount to be determined at trial in that they were induced to purchase products they would not have purchased had they known the true facts about the products, they spent money on Illegal Gravity Knives that were not what they were represented to be and that lacked the value and superior quality attributes Defendants represented them to have.

## SIXTH CAUSE OF ACTION

### Intentional Failure to Disclose or Concealment

### (By Plaintiff Against All Defendants)

105.    Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

106.    Defendants have failed to disclose and/or have concealed the material fact that Illegal Gravity Knives are illegal in numerous jurisdictions.

107.    Defendants failed to disclose or concealed these material facts regarding Illegal Gravity Knives when it knew the products were illegal, and/or failed to disclose or concealed the material facts without any knowledge of the truth.

108.    The failure to disclose and/or concealment of the true facts about Illegal Gravity Knives was done with the intent to induce Plaintiff and members of the Class to purchase them.

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

25

CLASS ACTION COMPLAINT

109.  Plaintiff and members of the Class relied upon representations that Illegal Gravity Knives were not illegal.

110.  The reliance by Plaintiff and members of the Class that Illegal Gravity Knives were not illegal was reasonable and justified.

111.  As a direct and proximate result of Defendants failing to disclose and/or concealing the material fact that Illegal Gravity Knives were, in fact, illegal in numerous jurisdictions, Plaintiff and members of the Class have suffered actual damages in an amount to be determined at trial in that they were induced to purchase products they would not have purchased had they known the true facts about the products, *i.e.,* they spent money on Illegal Gravity Knives that were illegal to possess or carry.

## SEVENTH CAUSE OF ACTION

### Negligent Failure to Disclose or Concealment

### (By Plaintiff Against All Defendants)

112.  Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

113.  As stated above, Defendants, in the course and conduct of their business and for the purpose of guiding others in their business, failed to supply material information about Illegal Gravity Knives.

114.  Defendants did not exercise reasonable care or competence in withholding the information.

115.  Plaintiff and members of the Class relied upon representations that Illegal Gravity Knives were not illegal.

116.  The reliance by Plaintiff and members of the Class that Illegal Gravity Knives were not illegal was reasonable and justified.

117.  As a direct and proximate result of Defendants failing to disclose and/or concealing the material fact that Illegal Gravity Knives were, in fact, illegal in numerous jurisdictions, Plaintiff and members of the Class have suffered actual

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

damages in an amount to be determined at trial in that they were induced to purchase products they would not have purchased had they known the true facts about the products, *i.e.,* they spent money on Illegal Gravity Knives that were illegal to possess.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment

### (By Plaintiff Against All Defendants)

118.  Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

119.  Defendants have uniformly marketed and offered for sale Illegal Gravity Knives despite their illegality and without representing them as such to consumers.

120.  Plaintiff and members of the Class conferred a benefit on Defendants by purchasing Illegal Gravity Knives.

121.  Defendants accepted and retained the benefits of sales of Illegal Gravity Knives in the form of profits from such sales.

122.  Defendants' conduct was unlawful, unfair, misleading, and deceptive.

123.  Under the circumstances, it would be unfair for Defendants to retain the benefit of their conduct.

124.  Plaintiff and members of the Class are entitled to restitution of the amounts paid for Illegal Gravity Knives. Specifically, Plaintiff and members of the Class are entitled to a refund of the full amount of the purchase price from all of Defendants' sales of Illegal Gravity Knives.

## NINTH CAUSE OF ACTION

### Permanent Injunctive Relief

### (By Plaintiff Against All Defendants)

125.  Plaintiff repeats and realleges each and every allegation contained in the paragraphs above as though fully set forth herein.

27

CLASS ACTION COMPLAINT

126.   Defendants have committed wrongful acts that have injured Plaintiff and members of the Class, as alleged herein.

127.   Members of the Class who do not know of the illegality of the knives continue to purchase them as they are still being marketed and sold by defendants.

128.   There exists an imminent likelihood of continuing irreparable injury to Plaintiff and members of the Class that will be prevented by injunctive relief.

129.   There is a lack of a fully adequate remedy at law, *i.e.,* an award of monetary damages alone will not fully restore the threatened loss to Plaintiff and members of the Class.

130.   An injunction will not disserve the public interest.

131.   The balance of equities favors the entry of an injunction.

132.   Plaintiff and members of the Class have a likelihood of success on the merits of the claims alleged herein.

## VII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all others similarly situated, respectfully prays for:

1.   An order certifying a representative Class and appointing the Plaintiff and his counsel to represent the Class as Class Representatives and Class Counsel;

2.   An award of actual damages suffered by Plaintiff and the members of the Class as a result of Defendants' conduct including, but not limited to, compensatory damages in an amount to be determined at trial;

3.   An award of statutory damages, as allowed by law;

4.   An award of punitive damages in an amount to be determined at trial;

5.   An award of statutory pre- and post-judgment interest on any amounts awarded;

6.   An award of reasonable attorney's fees and costs of prosecuting this action;

7.   On the CLRA cause of action Plaintiff seeks only injunctive relief; and

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

8.    Such other and further relief as may be deemed just and proper.

DATED: June 21, 2018                    Respectfully submitted,

**KIESEL LAW LLP**

By:        */s/ Jeffrey A. Koncius*
——————————————————
Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez

**TALUS LAW GROUP LLC**
——————————————————
Benjamin B. Lieb
   [to be admitted *Pro Hac Vice*]
      *ben@taluslaw.com*
2816 South Adams Street
Denver, CO 80210
Tel: (303) 246-4767

**ZONIES LAW LLC**
——————————————————
Joseph J. Zonies
   [to be admitted *Pro Hac Vice*]
   *jzonies@zonieslaw.com*
Anthony L. Giacomini
   [to be admitted *Pro Hac Vice*]
   *agiacomini@zonieslaw.com*
Gregory D. Bentley
   [to be admitted *Pro Hac Vice*]
   *gbentley@zonieslaw.com*
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Tel: (720) 464-5300
Fax: (720) 961-9252

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California

CLASS ACTION COMPLAINT

## VIII. DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: June 21, 2018                 Respectfully submitted,

**KIESEL LAW LLP**

By: _____ */s/ Jeffrey A. Koncius*
Paul R. Kiesel
Jeffrey A. Koncius
Nicole Ramirez

**TALUS LAW GROUP LLC**
Benjamin B. Lieb
[to be admitted *Pro Hac Vice*]
*ben@taluslaw.com*
2816 South Adams Street
Denver, CO 80210
Tel: (303) 246-4767

**ZONIES LAW LLC**
Joseph J. Zonies
[to be admitted *Pro Hac Vice*]
*jzonies@zonieslaw.com*
Anthony L. Giacomini
[to be admitted *Pro Hac Vice*]
*agiacomini@zonieslaw.com*
Gregory D. Bentley
[to be admitted *Pro Hac Vice*]
*gbentley@zonieslaw.com*
1700 Lincoln Street, Suite 2400
Denver, CO 80203
Tel: (720) 464-5300
Fax: (720) 961-9252

CLASS ACTION COMPLAINT

KIESEL LAW LLP
Attorneys at Law
Beverly Hills, California